# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MARYLAND

| | | |
|---|---|---|
| [UNDER SEAL], | : | Case No. _____ |
| | : | |
| Plaintiff, | : | |
| | : | *EX PARTE* MOTION TO FILE |
| v. | : | COMPLAINT UNDER SEAL |
| | : | |
| [UNDER SEAL], | : | |
| | : | FILED IN CAMERA AND UNDER SEAL |
| Defendant. | : | PURSUANT TO 31 U.S.C. §3730(b)(2) |

**DOCUMENT TO BE KEPT UNDER SEAL**
**(DO NOT PLACE ON PACER)**

George S. Robinson, Esq.
Robinson & Stover, LLC
124 N. Main Street
Bel Air, Maryland. 21014
Tel: (443) 371-7248
Fax: (443) 371-XXXX
Email: grobinson@robinsonstover.com

*Attorney for Plaintiff-Relator* [Under seal]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MARYLAND

| | | |
|---|---|---|
| [UNDER SEAL], | : | Case No. _____ |
| | : | |
| Plaintiff, | : | |
| v. | : | COMPLAINT |
| | : | |
| [UNDER SEAL], | : | |
| | : | FILED IN CAMERA AND UNDER SEAL |
| Defendant. | : | PURSUANT TO 31 U.S.C. §3730(b)(2) |

## DOCUMENT TO BE KEPT UNDER SEAL
## (DO NOT PLACE ON PACER)

George S. Robinson, Esq.
Robinson & Stover, LLC
124 N. Main Street
Bel Air, Maryland. 21014
Tel: (443) 371-7248
Fax: (443) 371-XXXX
Email: grobinson@robinsonstover.com

*Attorney for Plaintiff-Relator* [Under seal]

_____
COMPLAINT

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. KATHLEEN LALLY, | : : : : | Case No. _____ COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT |
| Plaintiff, | : : : | |
| vs. | : : : | FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. §3730(b)(2) |
| INTELLIGENESIS, LLC | : : | JURY TRIAL DEMANDED |
| Defendant. | : | |

Plaintiff-Relator Kathleen Lally ("Relator"), through her attorneys, on behalf of the United States of America (the "Government" or the "Federal Government"), for her Complaint against Defendant IntelliGenesis, LLC ("IG" or "Defendant") alleges based upon personal knowledge, relevant documents, and information and belief, as follows:

## INTRODUCTION

This Complaint arises from the actions of the Defendants INTELLIGENESIS, LLC (hereinafter "IG") and TRAVERSED, LLC (hereinafter "Traversed") to defraud the Federal Government of millions of dollars related to its bidding and performances of several contract known as GREATMINDS and a Request for Information ("RFI") for a procurement named CLEVERDEVIL.  IG maintained a Federal contract through a State of Maryland procurement vehicle known as GREATMINDS and performed on said contract over a period of time.  The Federal/Maryland Procurement Office ("MPO") issued an RFI for a procurement named

CLEVERDEVIL, which was a recompete for the GREATMINDS contract. The CLEVERDEVIL RFI NAICS requirement for financial revenue standard was far below IG's annual revenue. This meant that IG would not be able to compete for the new contract. Traversed would have met that lower annual revenue standard. IG and Traversed are essentially interchangeable as to personnel and location. The principal officers at IG sought to use their employees to serve as alter ego employees for Traversed to circumvent the annual revenue standard thereby conspiring to produce false documents in its bid to win the new CLEVERDEVIL contract and thereby collect payments under false statements in its bid process.

## PARTIES

1. Relator is a resident of Baltimore County Maryland. She was formerly employed by Defendant IG.

2. Defendant IG is a limited liability company organized under the laws of the State of Maryland with its principal place of business located in Howard County, Maryland.

3. Defendant IG is engaged in the business of bidding on Federal contracts and managing those Federal contracts and being paid from the Federal government.

4. The Defendant is therefore subject to 31 U.S.C. §3729 et seq.

5. Venue is proper in this Honorable Court pursuant to 31 U.S.C. §3730(a).

## FACTS COMMON TO ALL COUNTS

## PLAINTIFF-RELATOR KATHLEEN LALLY

6. Relator Lally received a bachelor's degree in accounting from George Mason University.

7. Relator Lally has over 30 years' experience in the finance, biotechnology, and defense industries.

8. Relator Lally is considered an expert in all aspects of business development, middle-market growth management, and long-term corporate value performance.

9. Relator Lally has a documented the record of winning new business and organic growth, and personally supporting successful proposal captures that have resulted in greater than 500 million dollars in sales.

10. Relator Lally's corporate leadership has resulted in implementing key performance indicator strategies to drive company value resulting in four corporate acquisitions by Fortune 500 companies valued at over $750 million.

11. Relator Lally's experience spans acquisition strategies across a broad range of US Government customers in the Department of Defense and intelligence communities.

12. Relator Lally was engaged in employment by IG as a Chief Strategy Officer ("CSO") on October 19, 2021.

13. Among Relator Lally's accomplishments as CSO at IG, she developed a divisional growth strategy, implemented a customer relations management tool to monitor key performance indicators, captured one of the company's three prime contracts, and submitted several proposals totaling over $750 million in potential contract value.

14. Further, Relator Lally assumed the responsibilities for the Chief Executive Officer during the CEO's three-month leave of absence from the office.

15. Relator Lally attended external meetings on behalf of the CEO, ran the quarterly all hands meeting, and mentored key leadership, all while maintaining her existing roles and responsibilities.

16. Relator Lally positively represented IG during her tenure, increasing its industry presence, reputation and capabilities throughout the intelligence and business communities.

17. Further, Relator Lally recaptured existing business for IG in the amount of $13 million over a five (5) year period.

18. Relator Lally submitted over $500 million in Prime Opportunity, which may have been due for award in September 2023, and received numerous accolades from her superiors and colleagues.

19. There are numerous communications from Relator Lally's superiors indicating that she maintained a friendly relationship with them.

20. Relator Lally was given numerous bonuses by IG amounting to $15,000 for her exemplary work.

**INTELLIGENESIS**

21. IntelliGenesis, LLC (hereinafter "IG") was formed and registered with the Maryland State Department of Assessments and Taxation ("SDAT") on August 14, 2008, as a limited liability company with a business purpose listed as providing software development, technology and program management.

22. IG's initial principal business address was 703 Grady Lane, Bel Air, Maryland 21014, with William M. Davidow serving as its organizer and Eva H. Hill as its vice president.

23. On or about June 12, 2012, a resolution was filed with SDAT changing the principal business address to 27164 Gateway Dr., Suite 120, Columbia, Maryland 21046 and changing the resident agent to Angelina Lienert of 1022 Globe Drive, Ellicott City, Maryland 21042.

24. On or about August 5, 2013, IG filed a resolution with SDAT changing the name and address of its Registered Agent to 6950 Columbia Gateway Dr., Suite 450, Columbia, Maryland 21046 and Angelena Lienert, respectively.

25. Defendant IG currently promotes itself as a woman-owned and veteran-owned small business and submits bids and has been awarded Federal contracts based upon this certification.

26. The current website for IG lists its Maryland headquarters as 6950 Columbia Gateway Dr., Suite 450, Columbia, Maryland 21046 and its Georgia office as 100 Grace Hopper Lane, Suite 3700, Augusta, Georgia 30901.

## IG LABS/TRAVERSED

27. On or about June 20, 2014, IG Labs, LLC ("IG Labs") was registered with SDAT by Robert A. Rombro.

28. IG Labs maintains its principal business address at 7164 Columbia Gateway Drive, Columbia, Maryland 21046.

29. On or about June 20, 2014 the Registered Agent of IG Labs was Angelena G. Lienert.

30. On or about December 5, 2014, Robert Rombro filed Articles of Amendment for IG Labs changing its name to Traversed, LLC (hereinafter "Traversed") and continuing the principal business address as 7164 Columbia Gateway Drive, Columbia, Maryland 21046.

31. On or about January 6, 2023, Traversed filed a resolution with SDAT changing the principal business address for the LLC to 6950 Columbia Gateway Drive, Suite 450A, Columbia, Maryland 21046, which is the same address as Defendant IG. (See Paragraph 24 above)

32. On or about January 6, 2023, Traversed filed a resolution with SDAT changing its resident agent from Angelena G Lienert at 7164 Wisconsin Avenue, Suite 1000 W, Bethesda, Maryland 20814 to Michael N. Mecurio at 7501 Wisconsin Avenue, Suite 1000W, Bethesda, Maryland 20814.

33. Subsequent to the change of the resident agent, Traversed and Defendant IG personnel had a meeting with the Defense Counterintelligence and Security Agency ("DCSA") to discuss Facilities Clearance ("FCL") and the Resident Agent relationship.

34. Based in part on these changes, Traversed received its FCL clearance and the ability to conduct business with the Federal government.

## **PUBLIC POLICY VIOLATION**

35. Section 16 (d) of the Small Business Act imposes criminal and civil penalties on those who would fraudulently pass Small Business Administration ("SBA") work through eligible small businesses to a large business.

36. Such a scheme subverts the ability of taxpayers to achieve their best value and certainly does not support the role of small businesses as the engine of economic development and job creation.

37. Such schemes sabotage the purpose of SBA's preferential contracting programs and harms the small businesses the programs they are designed to assist.

38. Based upon information and belief, Defendant IG attempted to or did in fact improperly engage in a "Pass–through" subcontracting scheme with IG Labs/Traversed, to obtain small business set-aside contracts they were ineligible to receive.

39. Based on information and belief Defendant IG maintained a significant, if not complete, amount of influence and control over Traversed.

40. IG's influence and control over Traversed extended to the decision-making process in attempting to and/or actually, bidding, awarding and performance of government contracts.

41. Based upon information and belief IG attempted to deliberately obfuscate the optics of this influence and control by switching out Traversed's Registered Agent and changing its name from IG Labs to Traversed.

42. On or about February 1, 2023, Relator Lally had a conversation with Jeremiah Jensen, Chief Operating Officer ("COO") of Defendant IG, regarding a Request for Information ("RFI") for a procurement named CLEVERDEVIL that was released from the Maryland Procurement Office ("MPO").

43. The aforementioned RFI was the re-compete of IG's existing GREATMINDS contract accounting for over $12 million in revenue annually and roughly one third of IG's overall Company revenue.

44. The NAISC code, or size standard, cited was below the small business requirement that IG would be as a prime, due to the fact that Defendant IG's annual revenues were too high to meet the size standard.

45. On or about February 1, 2023, Relator Lally had a discussion with Mr. Jensen regarding the contingency strategies for the CLEVERDEVIL RFI in light of the NAISC size standard.

46. It was during this conversation that Mr. Jensen, the COO of IG, informed Lally that Defendant IG intended to use Traversed to respond to the RFI and that Defendant IG would perform the work on the contract if Traversed was the successful bidder.

47. Relator Lally informed Defendant IG COO Jensen that procuring the aforementioned contract via Traversed would be difficult as Traversed had no past performance on this type of contract nor did it have any of the necessary employees to respond to a proposal of that magnitude.

48. Relator Lally then asked Defendant IG COO Jensen if Defendant IG employees would be tasked with the undertaking of the responsibilities under the contract for Traversed.

49. Defendant IG COO Jensen stated that it would not be a problem for Defendant IG employees to work on the contract under Traversed.

50. Relator Lally then informed IG COO Jensen that this would be very problematic as Defendant IG employees did not work directly for Traversed.

51. Based upon information and belief, Defendant IG maintains significant, if not complete, influence and control over Traversed.

52. Based upon information and belief, Defendant IG COO Jensen notified Defendant IG CEO Angelena Lienert of Relator Lally's pushback on the proposed NAISC violation.

53. Exactly one week after Relator Lally's conversation with Defendant IG COO Jensen, Defendant IG CEO Angelena Lienert terminated Relator Lally's employment with Defendant IG, stating that "Lally is not Loyal."

54. The Federal government has a clear mandate to protect those employees that refuse to participate in criminal activity and report their supervisors any potential criminal acts that are being pursued.

55. Upon information and belief Relator Lally is an original source for this information which is not found in any public record.

56. Upon information and belief Defendant IG has been awarded Federal contracts and has received Federal funds as a result of the conspiracy to use and falsely claim that Traversed is an independent company in order obtain small business set-asides.

## COUNT I - WRONGFUL TERMINATION

57. When Defendant IG CEO Angelena Lienert terminated Relator Lally's employment, it was done so in a deliberate, malicious, willful and intentional manner designed to inflict harm upon Ms. Lally.

55. When Defendant IG CEO Angelina Lienert terminated Relator Lally's employment, it was done in retaliation for Relator Lally's push back and refusal to acquiesce to the pass-through scheme in violation of 31 U.S.C. §3729(1)(A), (B), (C) & (D).

57. As a direct result of IG's wrongful termination of Relator Lally, Ms. Lally has been left without employment, deprived of an annual salary of $300,000.00 plus bonuses and other remuneration, suffered damage to her reputation, and has otherwise been damaged.

58. Defendant IG has been awarded millions of dollars in bids for set-aside small business contracts willfully knowing that the employees to be used by Traversed are in fact Defendant IG's employees in a deliberate scheme to avoid the rules and regulations associated with the RFPs.

59. Relator Lally was terminated for her honesty and integrity by informing Defendant IG that such a scheme is illegal and violated the FCA causing severe hardship and financial distress.

## **COUNT II – VIOLATION OF FCA**

60. Upon information and belief Defendant IG through its subordinate company Traversed created a scheme to subvert the regulations and requirements for small business set aside contracts by cherry picking employees from Defendant IG's personnel roster and swapping them out with Traversed employees, or adding them to the Traversed roster in order to obtain the Federal contract award.

61. This scheme was designed to present a false and/or fraudulent claim for payment or approval.

62. Upon information and belief Defendant IG knowingly made and/or used a false record and/or statement that was material to a false and/or fraudulent claim by stating that certain employees worked for Traversed when in fact they worked for Defendant IG.

63. Upon information and belief Defendant IG conspired with others in its own company and the directly controlled company, Traversed, to violate subparagraphs (A), (B) and (D) of 31 U.S.C. §3729.

64. Upon information and belief Defendant IG possessed funds from the Federal government that were submitted to Traversed that were then dispersed to Defendant IG's management and/or other employees that were actually employed with Defendant IG and not Traversed.

65. Upon information and belief Relator Lally knew that the management of Defendant IG and Traversed were in a conspiracy and scheme to manipulate its bidding process

in order to obtain Federal contracts based upon her original information about how the companies were being used.

## PRAYER

WHEREFORE, qui tam Plaintiff-Relator Kathleen Lally prays for judgment against the Defendant IG as follows:

1. That Defendant IG cease and desist violating 31 U.S.C. §3729 by manipulating its employees with Traversed in bidding on Federal contracts and dispersing funds derived therefrom.

2. That his Honorable Court enter a judgment against Defendant IG and Traversed in an amount equal to three times the amount of damages the United States has sustained because of Defendant IG's actions, plus a civil penalty of not less than $5,000.00 and not more than $10,000.00 for each violation of 31 U.S.C. §3729.

3. That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. §3730(D) of the False Claims Act.

4. That Relator be awarded all costs of this action, including attorney's fees, court costs, and expenses.

5. That Relator recover such other relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Respectfully submitted by:

Robinson & Stover, LLC

By: /s/ George S. Robinson     Date: 10/30/2023
    George S. Robinson, Esq.
    Robinson & Stover, LLC
    124 N. Main Street
    Bel Air, Maryland. 21014
    Tel: (443) 371-7248
    Fax: (443) 371-XXXX
    Email: grobinson@robinsonstover.com

*Attorney for Plaintiff-Relator Kathleen Lally*